**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

HENRY GLASPIE,

      Plaintiff,

v.                                              Case No. 11-10087
                                                  Honorable Patrick J. Duggan

BANK OF AMERICA, N.A. and
TROTT AND TROTT, P.C.,

      Defendants.
_____/

## OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO AMEND FIRST AMENDED COMPLAINT

On December 16, 2010, Plaintiff Henry Glaspie filed the current action against Bank of America, N.A. ("BANA") and Trott & Trott, P.C. ("Trott") (collectively "Defendants").[1] Plaintiff is seeking damages and equitable relief for Defendants' alleged violations of federal law relating to the modification of a mortgage agreement securing real property in Oakland County, Michigan.

Presently before the Court is Plaintiff's motion for leave to file a second amended complaint, filed pursuant to Federal Rule of Civil Procedure 15 on June 28, 2011. BANA filed a response to the motion on July 12, 2011. The following day, Trott filed a pleading indicating that it concurs in BANA's response. On August 4, 2011, this Court issued a notice informing the parties that it is dispensing with oral argument with respect to the

---

[1] Plaintiff filed his complaint in the Circuit Court for Oakland County, Michigan. On January 7, 2011, Defendants removed the complaint to this Court on the basis of 28 U.S.C. § 1331.

motion pursuant to Eastern District of Michigan Local Rule 7.1(f). For the reasons that follow, the Court denies Plaintiff's motion.

I.   **Factual and Procedural Background**

Plaintiff owns real property located in Southfield, Michigan (the "Property"). On November 15, 2004, as part of a loan refinance transaction, Quicken Loans, Inc. loaned Plaintiff $160,000.00. In order to secure the note, Plaintiff and his wife granted a mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). On January 7, 2010, MERS assigned the mortgage to BAC Home Loan Servicing, L.P. ("BAC"), which merged into Defendant BANA effective July 1, 2011.

After Plaintiff fell behind on his mortgage payments, BAC\BANA, as the current servicer of the loan, retained Trott to handle potential foreclosure proceedings. On February 4, 2010, Trott notified Plaintiff that the property had been placed into foreclosure, but that he had several alternative options to avoid foreclosure. As a result, Plaintiff attempted to enter into an agreement to modify the terms of the loan. In his first amended complaint, filed May 11, 2011, Plaintiff asserts several violations of federal and state law arising out of an alleged agreement to modify the loan: 1) violation of the Michigan Consumer Protection Act; 2) violation of Regulation Z of the Truth in Lending Act; 3) violation of the Michigan Mortgage Brokers, Lender and Servicers Licensing Act; and 4) breach of a stipulated agreement. In his current motion, Plaintiff seeks to amend his complaint to challenge the validity of the assignment of the mortgage from MERS to BAC and to quiet title pursuant to Michigan Compiled Laws § 600.2932.

II.   **Standard of Review**

Rule 15 of the Federal Rules of Civil Procedure dictates that for a motion for leave to amend the "court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). The purpose of the rule is to "reinforce the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Moore v. Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (quoting *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982)). The grant or denial of the motion is within the discretion of the court, but if there is no evidence of delay, dilatory motive, undue prejudice, or futility in the request, "the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 229 (1962).

"A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) (citing *Thiokol Corp. v. Dep't of Treasury, State of Michigan, Revenue Div.*, 987 F.2d 376, 382 83 (6th Cir. 1993)). As the Supreme Court provided in *Ashcroft v. Iqbal*, to survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must state "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" – U.S. – , 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). This plausibility standard requires a plaintiff to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1965).

**III.   Discussion**

Plaintiff currently seeks to amend his complaint, claiming that the recent Michigan

Court of Appeals' decision in *Residential Funding Co., LLC v. Saurman*, – N.W.2d – , 2011 Mich. App. LEXIS 719 (Mich. Ct. App. Apr. 21, 2011), supports a claim that the assignment of the mortgage from MERS to BAC was invalid.  In *Saurman*, the court looked at the "sole issue" of "whether MERS is an entity that qualifies under [Michigan Compiled Laws Section] 600.3204(1)(d) to foreclose by advertisement on the subject properties, or if it must instead seek to foreclose by judicial process." *Saurman*, 2011 Mich. App. LEXIS, at *1.  Section 600.3204(1)(d) requires that "the party foreclosing the mortgage is either the owner of the indebtedness or of an interest in the indebtedness secured by the mortgage or the servicing agent of the mortgage."  Both parties in *Saurman* agreed that "MERS is neither the owner of the indebtedness, nor the servicing agent of the mortgage," and the court was only concerned with whether MERS was "the owner . . . of an interest in the indebtedness secured by the mortgage," which would give it authority to foreclose by advertisement.  *Saurman*, 2011 Mich. App. LEXIS, at *8 (citing Mich. Comp. Laws § 600.3204(1)(d)).

The court in *Saurman* held that MERS did not have an interest in the indebtedness secured by the mortgage and consequently "that MERS did not have the authority to foreclose by advertisement on [the] defendants' properties." *Id*. at *10.  The court noted that "the indebtedness, i.e., the note, and the mortgage are two different legal transactions providing two different sets of rights, even though they are typically employed together." *Id*. at *9.  The court explained that "unlike a note, which evidences a debt and represents the obligation to repay, a mortgage represents an interest in real property contingent on the failure of the borrower to repay the lender." *Id*. at *10.  Therefore, "MERS, as

mortgagee, only held an interest in the property as security for the note, not an interest in the note itself. MERS could not enforce the notes nor could it obtain any payment on the loans on its own behalf or on behalf of the lender." *Id*. In short, the *Saurman* court reasoned that given that "the notes and mortgages are separate documents . . . MERS' interest in the mortgage did not give it an interest in the debt," and therefore "MERS did not have the authority to foreclose by advertisement." *Id*. at \*11.

In the current case, Plaintiff argues in his motion for leave to amend that "the Assignment [of the mortgage from MERS to BAC] is unquestionably invalid" because the *Saurman* decision "clearly indicates that MERS has no right to use or convey the note." (Pl.'s Br. in Supp. of Mot. at 7.) Plaintiff's argument, however, fails to recognize: (1) the distinction that the *Saurman* court made between the mortgage and the indebtedness; (2) the record does not show that MERS was trying to "use or convey the note," and (3) nothing in *Saurman* stands for the proposition that MERS may not assign the mortgage. In fact, the *Saurman* court gave tacit approval of such an assignment when it noted that "[the] plaintiffs would merely have to obtain assignment of the mortgage from MERS prior to initiating foreclosure proceedings." *Saurman*, 2011 Mich. App. LEXIS, at \*20 n.6.

For the reasons stated above, the Court concludes that the addition of a claim challenging the assignment of the mortgage from MERS to BAC on the basis of *Saurman* would be futile. Furthermore, it is apparent that there has been no actual foreclosure and Plaintiff is still the owner of the Property subject to the mortgage. As such, the addition of a claim to quiet title would be futile as well.

Accordingly,

**IT IS ORDERED**, that Plaintiff's motion for leave to amend his first amended complaint is **DENIED**.

Date: August 23, 2011

                                            s/PATRICK J. DUGGAN
                                            UNITED STATES DISTRICT JUDGE

Copies to:
Daniel C. Flint, Esq.
Richard Welke, Esq.
Courtney D. Roschek, Esq.